UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JEREMIE SHENEMAN, | ) |
|---|---|
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16 CV 30 |
| | ) |
| UNITED STATES OF AMERICA, *et al.* | ) |
| Defendants. | ) |

## OPINION AND ORDER

Jeremie Sheneman, a *pro se* prisoner, filed this case in the United States District Court for the District of Columbia which transferred it to this court. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In this case, Sheneman is suing five defendants: United States of America, Jon E. DeGuilio, David Capp, Jesse Barrett, and Barbara Brook. He alleges that they were involved in various ways with the criminal investigation and prosecution of him in *United States v. Sheneman*, 3:10-CR-120 (N.D. Ind. filed September 9, 2010) and *United States v. Sheneman*, 3:10-CR-126 (N.D. Ind. filed October 13, 2010) where he was convicted of seven counts of wire fraud, 18 U.S.C. § 1343. This is not the first time that

Sheneman has sued four of these defendants based on the same allegations. The only thing that distinguishes this case is his addition of Jon E. DeGuilio, the federal judge who presided over those two criminal trials. In *Sheneman v. United States*, 3:15-CV-7 (N.D. Ind. filed January 8, 2015), this court dismissed with prejudice Sheneman's claims against the United States of America, David Capp, Jesse Barrett, and Barbara Brook.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal citation and quotation marks omitted). These companion doctrines "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

Three requirements must be met for *res judicata* to apply: (1) an identity of the parties; (2) an identity of the claims; and (3) a final judgment on the merits. *Ross*, 486 F.3d at 283. Courts use a functional approach in determining whether two cases involve the same claims, and cases will be considered the same for *res judicata* purposes if they "arise out of the same transaction" or share a "common core of operative fact." *Id.* If this standard is met, any claims that were or could have been raised in the prior action are

barred. *Id.*; *Highway J Citizens Group v. U.S. Dep't Transp.*, 456 F.3d 734, 741 (7th Cir. 2006).

Here, all three requirements are met. There is an identity of the plaintiff and the four defendants who were named in the prior lawsuit. There is an identity of the claims because both cases present the same issues arising out of the same events. There was also a final judgment on the merits entered on July 10, 2015. Accordingly, this lawsuit is barred by *res judicata* as to those four defendants.

As for Judge DeGuilio, any claims against him are barred by judicial immunity. A judge has absolute immunity for judicial acts which are within the jurisdiction of his court. This is true even if his "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Though Sheneman argues that judicial immunity does not apply because the court lacked jurisdiction over the seven counts on which he was convicted, that is nonsense. *See United States v. Sheneman*, 538 F. App'x 722 (7th Cir. 2013) (affirming his convictions on direct appeal).

> This Court had subject matter jurisdiction based on 18 U.S.C. § 3231, which states, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." The charges against Mr. Sheneman alleged that he violated 18 U.S.C. § 1343 and 18 U.S.C. § 2. Those are laws of the United States, so this Court had subject matter jurisdiction under 18 U.S.C. § 3231 to adjudicate whether Mr. Sheneman committed offenses against those laws. *United States v. Burke*, 425 F.3d 400, 408 (7th Cir.2005) ("Subject-matter jurisdiction is furnished by 18 U.S.C. § 3231, which covers all criminal prosecutions under the United States Code."). That is the beginning and end of the subject matter jurisdiction analysis.

*United States v. Sheneman*, No. 3:10-CR-120, 2015 WL 2250247, at *6 (N.D. Ind. May 12, 2015). Therefore Judge DeGuilio has judicial immunity in this case.

Because Sheneman already unsuccessfully brought these same claims against four of these defendants and the addition of Judge DeGuilio is barred by judicial immunity, it was malicious for him to file this lawsuit. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another lawsuit brought by the same plaintiff).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Here, no amendment could overcome the bar of res judicata or judicial immunity.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) because it is malicious.

**SO ORDERED.**

Date: January 27, 2016

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT